IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JODY A. JESHURIN,<br><br>    Petitioner,<br><br>  vs.<br><br>GLORIA HENRY, Warden,<br><br>    Respondent. | No. C 03-1055 JSW (PR)<br><br>**ORDER REOPENING ADMINISTRATIVELY CLOSED CASE AND TO SHOW CAUSE** |

## INTRODUCTION

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the constitutional validity of her state conviction. On August 4, 2003, this Court issued an order to show cause why the petition should not be granted. Thereafter, on October 1, 2003, Respondent filed a motion to dismiss, alleging that the petition contains both exhausted and unexhausted claims (docket no. 8). On October 17, 2003, Petitioner filed a motion that the Court construed as one seeking a stay of the petition while she exhausted an additional claim in the state courts. Thereafter, Petitioner filed an amended petition. This order directs Respondent to show cause why the petition should not be granted.

## BACKGROUND

According to the petition, Petitioner was convicted by a jury in Santa Clara County Superior Court of murder. On May 11, 2001, she was sentenced to twenty-five years to

1  life in state prison. The California Court of Appeal affirmed the judgment of conviction
2  in 2001, and the Supreme Court of California denied review in 2002. Petitioner
3  commenced this action on May 11, 2003 and filed a habeas petition in this action on May
4  29, 2003.

## DISCUSSION

### I   Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that [s]he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### II   Legal Claims

Petitioner raises the following claims, all of which she alleges were presented to the state courts: (1) the evidence was insufficient to support her felony-murder conviction based on the underlying crime of torture, in violation of the Fourteenth Amendment; (2) her Sixth and Fourteenth Amendment rights were violated by an erroneous jury instruction defining the elements of torture; (3) ineffective assistance of counsel for failing to subpoena crucial witnesses. As it does not appear from the face of the petition that Petitioner is not entitled to relief, Respondent is directed to file an answer to the petition or a dispositive motion, as appropriate.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall administratively reopen this case and serve by certified mail a copy of this order and the petition, and all attachments thereto, on Respondent. The Clerk also shall serve a copy of this order on Petitioner.

1    2. Respondent shall file with the Court and serve on Petitioner, within **sixty (60)** days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3.    If Petitioner wishes to respond to the answer, she shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30)** days of her receipt of the answer.

4.    Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30)** days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within **fifteen (15)** days of receipt of any opposition.

IT IS SO ORDERED.

DATED: April 5, 2006

_____
JEFFREY S. WHITE
United States District Judge